*694
 
 CHOY, Senior Circuit Judge:
 

 Beecher appeals the Secretary’s decision to deny her disability benefits under section 223 of the Social Security Act, 42 U.S.C. § 423. Beecher worked in a warehouse until January 1974, when she claims she became disabled due to the combined effects of a back injury and psychiatric problems. She returned to work briefly in early 1975 but has not been employed since then. Beecher last met the special earnings requirement of the Social Security Act for disability insurance purposes on March 31, 1976.
 

 At her administrative hearing, numerous medical reports were introduced into evidence. Dr. Wong, an orthopedic surgeon, examined plaintiff in March 1974. Because he could find no serious physical impairment, he felt that Beecher’s complaints of pain were subjective and exaggerated. He felt that she could return to her regular work later that month.
 

 Dr. Karbelnig, an orthopedic surgeon, examined Beecher in June 1974. He diagnosed her as suffering from a lumbosacral musculoligamentous strain and sprain. He believed that she could perform light work provided she lifted no more than 20 to 25 pounds and avoided repeated stooping, squatting, or bending.
 

 Dr. Ritter, an orthopedic surgeon, examined plaintiff in July 1974. He stated that there were no objective findings of orthopedic disease other than x-ray evidence of a transitional vertebra in her lumbar spine. But on the basis of her subjective complaints of pain, he would restrict her from repetitive bending and heavy lifting.
 

 Dr. Feld, a neurologist, examined plaintiff in February 1975. He believed that she suffered from no neurological disease but felt that there might be some undetermined psychiatric illness. He did not give an opinion as to her ability to work.
 

 Dr. Anselen, a psychiatrist and neurologist, examined Beecher in July 1975. After a-complete psychiatric examination, he concluded that she suffered from a post-traumatic neurosis with a mixture of hysterical and hypochondriacal ideas. He stated, “I doubt very much that at present she is able to compete in the labor market.”
 

 Dr. Smith, a chiropractor, examined Beecher in November 1975. He felt there was a moderate to severe lumbo-sacral sprain with muscle spasm and a lumbo-sa-cral myofasciitis with muscle spasm. He concluded that Beecher should be limited to light work.
 

 The administrative law judge (AU) determined, on the bases of these medical reports and Beecher’s testimony, that plaintiff had a severe medically determined impairment which precluded her from returning to her former work. However, he concluded that Beecher was able to perform at least light work. Consequently, he applied Tables 1 and 2 of the Medical-Vocational Guidelines, 20 C.F.R. at 313-18 (Appendix 2), corresponding to the capacities to perform sedentary and light work, respectively, and found that Beecher was not disabled.
 

 On appeal, the district court concluded that there was substantial evidence to support the Secretary’s determination that Beecher was not disabled due to her ability to perform light or sedentary work. Plaintiff now appeals to this court arguing, inter alia, that there is no substantial evidence to support the conclusion that she was able to perform sedentary or light work.
 

 Beecher’s main contention is based on
 
 Dressel v. Califano,
 
 558 F.2d 504 (8th Cir. 1977), in which the Eighth Circuit held that medical reports which only consider a claimant’s
 
 physical
 
 impairments cannot amount to substantial evidence for a finding of ability to perform sedentary work when the claimant is found to suffer from both physical
 
 and psychological
 
 problems. 558 F.2d at 508.
 
 See also Behnen v. Cali-fano,
 
 588 F.2d 252, 255 (8th Cir.1978). “A claimant’s illnesses must be considered in combination and must not be fragmentized in evaluating their effects.”
 
 Dressel,
 
 558 F.2d at 508.
 

 Because a person’s ability to engage in gainful employment is dependent upon
 
 *695
 
 both physical and psychological capabilities, we believe the Eighth Circuit has taken the correct approach to disability claims.
 
 See Montijo v. Secretary of Health and Human Services,
 
 729 F.2d 599, 602 (9th Cir.1984) (citing
 
 Behnen v. Califano,
 
 588 F.2d 252). We subscribe to the holding in
 
 Dressel.
 

 In support of his decision, the AU cited those medical reports which concluded that Beecher could perform sedentary to light work. However, all of these reports were filed either by
 
 orthopedic
 
 surgeons (Drs. Wong, Karbelnig, and Ritter) or by
 
 chiropractors
 
 (Dr. Smith), who did
 
 not
 
 conduct any psychological examinations of Beecher. There are no reports considering the combined effects of Beecher’s physical and psychological impairments which concluded that she could perform sedentary or light work.
 

 Dr. Feld felt that Beecher might be suffering from some undetermined psychiatric illness. Consequently, Beecher was given a complete psychiatric examination by Dr. Anselen, a
 
 psychiatrist
 
 and neurologist. His report, the only one to consider Ms. Beecher’s psychological impairments and the only one based on a full psychiatric examination, concluded that it is “[very doubtful] that at present she is abie to compete in the labor market.”
 
 [1]
 

 This is not a case where there are conflicting medical viewpoints and the AU simply chose one view over the other. Rather, because the reports of Drs. Wong, Karbelnig, Ritter, and Smith only considered Beecher’s physical impairments, whereas Dr. Anselen’s report took into account psychological problems as well, “we cannot conclude that the opinions conflict, but only that they are not drawn from the same facts.”
 
 Dressel,
 
 558 F.2d at 508 n. 6. Dr. Anselen’s opinion is “uncontradicted in the record, as none of the other physicians conducted psychiatric examinations.”
 
 Beh-nen,
 
 588 F.2d at 254 (footnote omitted).
 

 It is true that Dr. Anselen’s statement that Beecher is “[un]able to compete in the labor market” does not
 
 necessarily
 
 mean he felt she could not work at all, i.e., that she could not even perform sedentary or light work. His statement is thus arguably ambiguous with respect to a crucial issue. However, given that Beecher successfully demonstrated that she could “no longer engage in [her] former occupation, it [was] incumbent on the Secretary to show that there [were] other types of work which the claimant [was] capable of doing.”
 
 Benitez v. Califano,
 
 573 F.2d 653, 655 (9th Cir. 1978) (quoting
 
 Rosin v. Secretary of Health, Education and Welfare,
 
 379 F.2d 189, 195 (9th Cir.1967)). Thus, it is the Secretary, and not Beecher, who must bear the burden of clarifying the ambiguity.
 

 Because the only medical reports that unambiguously concluded that plaintiff could perform sedentary or light work were based solely on physical impairments, while the one report that considered Beecher’s psychological problems found significant mental impairment, the Secretary failed to prove that Beecher retained the functional capacity to perform sedentary or light work. Therefore, given the holding in
 
 Dressel,
 
 this court concludes that there was no substantial evidence in the record to support the AU’s finding that Beecher could perform sedentary to light work.
 

 Consequently, the AU had no factual basis for using Tables 1 and 2 of the Medical-Vocational Guidelines, corresponding to the capacities to perform sedentary and light work, respectively, in finding no disability.
 
 [2]
 

 
 *696
 
 We reverse the judgment of the district court, and remand with instructions that the Secretary be required to consider the combined effects of claimant’s physical and psychological impairments upon her past ability to engage in substantial gainful activity.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Dr. Anselen’s diagnosis of post-traumatic neurosis with a mixture of hysterical and hypo-chondriacal ideas is supported by Dr. Kyle, a clinical psychologist, who concluded, after conducting numerous psychological tests, that Beecher reflected a post-traumatic reaction having both hysterical and obsessive compulsive features. Dr. Kyle, however, offered no opinion as to Beecher’s capacity to engage in employment.
 

 [2]
 

 . Beecher’s other contentions are without merit. Contrary to Beecher’s claim, the Secretary is no longer required to enunciate the specific jobs that claimant is capable of performing, but instead may rely on the Medical-Vocational Guidelines.
 
 See Heckler v. Campbell,
 
 461 U.S.
 
 *696
 
 458, 470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983);
 
 Odle v. Heckler,
 
 707 F.2d 439, 440 (9th Cir.1983).
 

 Beecher also argues that the ALJ’s rejection of her subjective complaints of severe and disabling pain is inconsistent with the ALJ's finding that plaintiff suffered from a post-traumatic neurosis based in part on a condition of hypochondria. However, it is not clear that there is any necessary contradiction as the psychiatric diagnosis does not necessarily imply that she subjectively experienced
 
 severe and disabling
 
 pain.
 

 Finally, Beecher argues that the AU failed to liberally construe the Social Security Act, see
 
 Dorsey v. Heckler,
 
 702 F.2d 597, 605 (5th Cir. 1983), because he allegedly failed to consider the potential bias in the medical opinions, most of them being prepared at the request of the insurance carrier. Beecher, however, failed to present any evidence of actual bias and there is no precedent to support any presumption of bias in such situations.