892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent KNOWLTON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,* Secretary, HHS,
Defendant-Appellee.
 No. 88-4016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1989.
Decided Jan. 8, 1990.
 
 Before WALLACE, PREGERSON and ALARCON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Knowlton appeals from the district court's decision upholding the determination of the Secretary of Health and Human Services (Secretary) that Knowlton was not disabled. The district court found that the Secretary's determination was supported by substantial evidence. The district court exercised jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 * We review the judgment of the district court de novo. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989) (Fair ). The Secretary's denial of benefits will "be disturbed only if it is not supported by substantial evidence or if it is based on legal error." Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988) (internal quotation omitted); 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971) (Richardson ), but "less than a preponderance." Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.1988). It means "such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.
 
 
 3
 We are required to review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986) (Green ). We must accept the Secretary's conclusions if the evidence is susceptible of more than one interpretation. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (Sample ).
 
 II
 
 4
 Knowlton argues that there is good cause to reopen his prior applications for disability benefits. The decision to reopen is committed to the discretion of the Secretary. Thompson v. Schweiker, 665 F.2d 936, 940 (9th Cir.1982); see also 20 C.F.R. §§ 404.988 and 416.1488 (1988) (enumerating requirements for reopening).
 
 
 5
 We do not have subject matter jurisdiction to review an administrative law judge's (ALJ) refusal to reopen a previous claim for benefits. Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (Sanders ) (holding that 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits"). Since we do not have jurisdiction to hear a contention that the Secretary erred in refusing to reopen a previous claim, we certainly do not have jurisdiction where the claimant never even presented his reopening claim.
 
 
 6
 Knowlton, however, contends that we must still address his reopening claim, because his claims were de facto reopened by the ALJ because the ALJ "did not explicitly refuse to reopen" his prior benefit applications. Knowlton relies on our decision in Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988), for the proposition that the ALJ must "explicitly refuse" to reopen the prior determination. In Gregory, we refused to uphold an ALJ's decision which gave res judicata effect to a prior determination rejecting benefits, because, in ruling on the second application, the ALJ "considered on the merits" the first application. Id. In contrast, here, the Secretary is making no claim that the prior decisions are res judicata to Knowlton's claim. The ALJ did not consider the prior decisions on the merits. He simply used the evidence to develop Knowlton's medical history as it applied to the present application. Thus, Gregory is distinguishable. Moreover, it would be contrary to reason to require an ALJ to "explicitly refuse" to reopen a prior determination where, as here, the applicant himself did not request reopening.
 
 
 7
 Knowlton also contends that our review is required because the failure to reopen his previous claims will result in a denial of due process. Sanders did hold that judicial review is authorized when "the claimant[ ] challenge[s] the Secretary's decision on constitutional grounds." 430 U.S. at 109. However, we have held that under Sanders, "[t]he constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that [prior] decision was reached." Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989). Knowlton has made no allegation that the means by which the Secretary's decision not to reopen the prior determinations violated due process, and he could not. Because he did not request reopening, he cannot allege constitutional error in a proceeding that never existed.
 
 III
 
 8
 Knowlton alleges that he became disabled on May 2, 1982, due to depression and a back problem resulting from scoliosis. A claimant seeking benefits has the initial burden of showing he is disabled. Hoffman v. Heckler, 785 F.2d 1423, 1424 (9th Cir.1986). A claimant meets this burden by showing that he cannot engage in any of his prior occupations. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir.1987). The ALJ concluded that Knowlton could perform his past work as a custodian--a medium work activity. Knowlton contends that this determination is not supported by substantial evidence. We disagree. Viewing the record as a whole, the Secretary's decision is clearly supported by substantial evidence.
 
 
 9
 The medical evidence supporting the Secretary's determination is substantial. Dr. Peacock in his examination of December 13, 1984, concluded:
 
 
 10
 Impression--I think that this man has symptoms which far outweigh any positive physical findings, which are present. I think that any problem that he had in carrying out [college] training was due to an inadequate personality rather than to any physical problems. It is true that with the spinal fusion he has had, he would not be able to carry out heavy physical labor. But he is certainly physically capable of carrying out most other forms of work.
 
 
 11
 Upon reexamination on April 24, 1986, Dr. Peacock stated:
 
 
 12
 The patient is perfectly able to bear his weight on this leg. When I had him do the Trendelberg sign, he bounced up and down on it, a maneuver which would require a great deal more stress on the leg and muscle power on the leg than if it was really injured.
 
 
 13
 Dr. Hachigian also examined Knowlton and "refuse[d] his request for muscle relaxants" because he thought Knowlton's back problems could be overcome by a "lumbosacral strengthening program."
 
 
 14
 The psychiatric evaluations also provide substantial evidence to support the Secretary's conclusion. Although Dr. Taylor and Dr. Gordon both thought that Knowlton had some problems with depression, neither gave any indication that this depression was disabling. Dr. Gordon stated that Knowlton "was oriented well in three spheres[,] his recent memory was good, and he could do simple calculations quickly and accurately." Dr. Taylor observed that Knowlton's "[r]esponse to adages, similarities and questions involving judgment was good" and that his "[m]emory, sensorium, and intellectual modalities are intact."
 
 
 15
 Knowlton contends that the Secretary's decision is not supported by substantial evidence because consulting "Dr. Bulger stated that Mr. Knowlton's back pain would limit him from almost any active job." He also refers to consulting Dr. Nolan. Knowlton misconceives this court's role. "Where medical testimony is conflicting, ... it is the ALJ's role to determine credibility and resolve the conflict." Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984) (Allen ); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984) ("[w]here evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld"). Thus, we must accept the ALJ's reliance on the other medical testimony discussed above. Allen, 749 F.2d at 579; Sample, 694 F.2d at 642.
 
 
 16
 Knowlton also argues that Dr. Peacock's opinion cannot be considered substantial evidence because Dr. Peacock excluded Knowlton's nonexertional impairments from consideration. Knowlton cites Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir.1985). This argument is frivolous. Beecher concludes that the ALJ cannot rely solely on medical reports of a claimant's physical capabilities when there is conflicting testimony on a claimant's psychological abilities. Id. It does not hold that medical evidence is not probative unless the physician considered both mental and physical problems. In this case, the ALJ considered both physical and psychological evidence.
 
 
 17
 Knowlton also contends that the ALJ committed reversible error by ignoring the opinion of Dr. Earle, his treating psychiatrist, that he was disabled. Dr. Earle's report was presented in connection with one of Knowlton's prior rejected applications for disability benefits. Thus, it was not relevant to the current application for benefits. Green, 803 F.2d at 530 (holding that "when a claimant reapplies for disability benefits after an earlier denial, that earlier denial precludes the claimant from arguing that he was disabled during the period covered by the earlier decision"); Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). We, therefore, conclude that the ALJ did not err in disregarding Dr. Earle's report.
 
 
 18
 Despite the medical evidence, Knowlton argues that the Secretary's decision is not supported by substantial evidence because the Secretary improperly discredited his testimony that he experiences significant pain which makes him unable to perform medium work. The ALJ based his decision on both the objective medical evidence and "other evidence of record." The ALJ found that in addition to the medical evidence, "the subjective complaints of the claimant as to the extent of the severity of his condition [are] not supported by the other evidence of record." This "other evidence of record" is made more explicit elsewhere in the decision where the ALJ stated that Knowlton "has no serious restrictions of daily activities, ... plays pool, enjoys playing the guitar and visits friends." In addition, the ALJ stated that because Knowlton "is not following a course of prescribed treatment," his claim of disability was mitigated. Our review of the record confirms these findings. We have held that evidence about a "claimant's daily activities" and an "inadequately explained, failure to seek treatment or follow a prescribed course of treatment" constitutes evidence that an ALJ may rely on to discredit a claimant's excess pain testimony. Fair, 885 F.2d at 603. Accordingly, we uphold the ALJ's rejection of Knowlton's excess pain testimony. In addition, we conclude that, taken together, the medical evidence and the nonmedical evidence constitute substantial evidence which "a reasonable mind might accept as adequate to support [the ALJ's] conclusion," Richardson, 402 U.S. at 401, that Knowlton is able to perform his past job as a custodian.
 
 
 19
 AFFIRMED.
 
 
 20
 Note: This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)