943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elroy A. FRIED, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,** Defendant-Appellee.
 No. 88-3920.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1991.*
Decided Sept. 13, 1991.
 
 Before EUGENE WRIGHT and O'SCANNLAIN, Circuit Judges, and GEORGE,*** District Judge.
 MEMORANDUM****
 Elroy Fried appeals the district court's affirmance of the Secretary's denial of his application for disability insurance and Supplemental Security Income ("SSI") benefits. We reverse and remand to the Secretary for further proceedings.
 * Fried applied for benefits on May 24, 1985. Following a hearing, an Administrative Law Judge ("ALJ") denied Fried's request for benefits on January 8, 1986. The Appeals Council rejected Fried's request for review, and the ALJ's determination thereby became the final decision of the Secretary. Fried then filed this action for judicial review. The district court granted summary judgment in favor of the Secretary. This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 II
 We review the district court's grant of summary judgment de novo. Hermes v. Secretary of Health & Human Servs., 926 F.2d 789, 790 (9th Cir.1991). We must affirm if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining whether the findings are supported by substantial evidence we must examine the record as a whole, considering both evidence that supports and evidence that detracts from the Secretary's conclusions. Gonzalez, 914 F.2d at 1200. We may not affirm "simply by isolating a specific quantum of supporting evidence." Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.1985).
 III
 The ALJ found that Fried was incapable of returning to his former work. The burden thus shifted to the Secretary to show that Fried could do other substantial gainful activity, considering his age, education, and work experience. Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1278 (9th Cir.1987).
 The Secretary uses a series of "grid rules" based on age, education, work experience, and residual functional capacity to determine if a particular claimant who is unable to perform his former work is disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2 (1986);[1] Calvin v. Heckler, 782 F.2d 802, 804 (9th Cir.1986). Because Fried was forty-eight years old at the time of the hearing, had a high school education, and was, in the ALJ's view, capable of performing sedentary work, the ALJ applied Rule 201.21 to find that Fried was not disabled. See 20 C.F.R. pt. 404, subpt. P., app. 2 (1986). Fried argues that the ALJ should instead have applied Rule 201.14, applicable to persons aged fifty to fifty-four, which would direct a finding of disabled. This argument is without merit.
 Fried correctly points out that the age categories will not be applied "mechanically in a borderline situation." 20 C.F.R. § 404.1563(a) (1986). Contrary to Fried's contention, however, his is not a borderline situation. Fried was forty-eight years and seven months old at the time of the ALJ's decision, well shy of the age at which Rule 201.14 would apply. This circuit has recognized that line drawing with respect to age is both reasonable and necessary. Russell v. Bowen, 856 F.2d 81, 84 (9th Cir.1988). In Russell, we upheld application of the rule for persons fifty-five to fifty-nine to a petitioner who was fifty-nine years and five months old at the time of the decision, noting that he was "more than a few days short of the cut-off date." Id. Fried is considerably farther from the cut-off date than the petitioner in Russell. The Secretary correctly applied Rule 201.21.
 IV
 Fried also contends that the ALJ's determination that he retained the capacity to perform sedentary work is not supported by substantial evidence. We agree.
 * Evidence provided by Fried's treating physician, Dr. Snider, with respect to Fried's exertional limitations comports with the ALJ's decision. Dr. Snider reported that Fried had experienced good improvement since his 1977 back surgery. He reported that Fried was able to stand or walk for up to two hours, sit indefinitely, and lift light objects. He also stated that Fried had backaches and difficulty in bending, stooping or squatting.
 This medical evidence was contradicted by Fried's testimony that he suffered disabling pain in his back and legs. When a claimant submits objective medical findings of an impairment that could reasonably be expected to produce some pain, as Fried did here, the Secretary cannot reject subjective testimony of a higher level of excess pain without making specific findings justifying that decision. Stewart v. Sullivan, 881 F.2d 740, 743 (1989). Pain testimony may not be disregarded solely on the basis that it is not fully corroborated by medical findings. Gamer, 815 F.2d at 1279.[2]
 Here, the ALJ noted that Fried continued to work between his 1977 surgery and 1985, the alleged onset date of his disability. There was no medical evidence of a deterioration in his condition during this time. The ALJ also noted that Fried failed to seek ongoing medical treatment for his condition and used only Tylenol for pain relief, instead of the Motrin which Dr. Snider had prescribed. Fried explained that his failure to follow the prescribed treatment was due to the higher cost of the prescription drug and his belief that the two medications were essentially equivalent. Although the issue is a close one, we deem the ALJ's findings sufficient to support his conclusion that Fried's subjective pain testimony was not credible. See Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir.1989) (ALJ may rely on evidence concerning claimant's daily activities, unexplained failure to seek treatment or to follow a prescribed course of treatment, and other medical and non-medical evidence); Varney v. Secretary of Health & Human Servs., 846 F.2d 581, 584 (9th Cir.1988).
 B
 The Secretary's decision cannot be upheld, however. In determining a claimant's residual functional capacity, the Secretary must consider both exertional and non-exertional factors. Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir.1985). Here, the Secretary failed to take into account Fried's non-exertional limitations.
 In concluding that Fried was not disabled, the ALJ disregarded the report of Dr. Veraldi, a psychologist, which suggested that Fried met the criteria of the Listing of Impairments. According to Dr. Veraldi, Fried "has always had a 12.08 Personality Disorder," "uses a 12.07 Somatoform Disorder ... to express his problems," and "seems to be experiencing 12.04 Affective Disorder." She also stated that Fried's "true disabling condition is a 12.08 Personality Disorder," and her diagnosis was "12.08 Personality Disorder (Schizoid)." Despite this diagnosis, Dr. Veraldi apparently did not conclude that Fried was disabled. She stated that he would need a job which would not require physical exertion or great quantities of work and which would impose little pressure or stress. Nonetheless, she felt that "return to employment is the only course to cope with [his] depression."
 A claimant who establishes a listed impairment must be found disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991). Because Dr. Veraldi's report was ambiguous, it did not by itself establish that Fried suffered from a listed impairment. However, faced with this evidence the ALJ had a duty to develop the record with respect to Fried's mental condition. DeLorme, 924 F.2d at 849.
 Instead, the ALJ simply failed to address Dr. Veraldi's diagnosis that Fried suffered from a listed impairment. Although the ALJ is not bound by expert medical opinion on the issue of disability, he cannot disregard uncontradicted medical evidence without providing clear and convincing reasons. Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir.1984).
 The ALJ's explanation for discounting Dr. Veraldi's conclusions was that there was no other medical evidence in the record to indicate that Fried suffered from a mental impairment. However, because Dr. Veraldi's report was the only one to consider Fried's psychological problems, the lack of corroboration does not provide a sufficient basis for rejecting the report's conclusions. Beecher, 756 F.2d at 695.
 V
 Likewise, Dr. Sexton's vocational evaluation does not constitute substantial evidence in support of the Secretary's determination. Sexton failed to consider Fried's psychological and physical limitations simultaneously. A vocational expert's testimony has no evidentiary value unless it accounts for both exertional and non-exertional limitations. See Varney, 846 F.2d at 585; Gallant, 753 F.2d at 1456. Dr. Sexton never clearly stated whether, in light of both Dr. Snider's and Dr. Veraldi's findings, Fried could perform sedentary work on a regular basis.
 VI
 Because the Secretary's determination that Fried was not disabled was not supported by substantial evidence, we reverse the district court's grant of summary judgment. Because the record is insufficiently developed to make the outcome of the disability determination clear, see Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir.1988), we direct the district court to remand to the Secretary. On remand the Secretary should develop the record with respect to Fried's non-exertional limitations and make a new determination in light of whatever evidence is offered.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36
 
 
 [1]
 Because of subsequent minor amendments, we cite to the regulations in effect at the time of the Secretary's final decision
 
 
 [2]
 Because the final decision in this case was rendered prior to expiration of the statutory pain standard formerly codified at 42 U.S.C. § 423(d)(5)(A), the Gamer-Cotton-Varney subjective pain standard applies. See Bates v. Sullivan, 894 F.2d 1059, 1071 (9th Cir.1990)