996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charley D. WORLEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-15457.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided July 2, 1993.
 
 Before: LAY,** HUG, and Schroeder, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Charley D. Worley appeals from the district court's order granting summary judgment in favor of the Secretary, who denied Worley's application for disability benefits. The issue in this case is whether Worley met his burden of establishing that he had a serious impairment that made him unable to do his previous work or any other substantial gainful activity. In particular, Worley challenges the administrative law judge's (ALJ) consideration of evidence of his mental impairment. The district court's jurisdiction was based on 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 We review the district court's summary judgment de novo. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). The ALJ concluded that Worley had not met his burden of proving that he was not able to return to his past work as a security guard. The Secretary's denial of benefits will not be disturbed unless it is not supported by substantial evidence, or it is based upon legal error. See Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 
 4
 Worley must show that he had a serious impairment that made him unable to do his previous work or any other substantial gainful activity that exists in the national economy. See Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988). The ALJ must explain why he has rejected uncontroverted evidence but can resolve disputes in contradictory medical evidence. See Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987) (rejecting report in which doctor relied on nonmedical factors, including age and lack of education). The ALJ is also required to consider a claimant's psychological problems as well as his physical problems, because "a person's ability to engage in gainful employment is dependent upon both physical and psychological capabilities." Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir.1985). Even if the claimant's symptoms do not meet those of a listed mental disorder, the ALJ must consider the effect of the mental state on the claimant's ability to work. Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir.1987).
 
 
 5
 Pain associated with a clinically demonstrated impairment can contribute to a determination of disability. Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). If the adjudicator finds that the claimant's allegations of severity are not credible, the adjudicator must specifically make findings supporting that conclusion. Id. at 345-47.
 
 
 6
 Worley clearly produced evidence of underlying physical and mental impairment, and the ALJ recognized that. The issue is whether he showed that his impairments disabled him from working. He contends that he is disabled by pain, and that the ALJ undervalued his subjective complaints of pain, which are supported by medical evidence, including physiological abnormalities and psychological conditions.
 
 
 7
 The ALJ found that he had a somatoform disorder (preoccupation with pain absent physical findings accounting for the pain or its intensity) and a personality disorder. However, the ALJ also found that Worley lacked credibility with regard to his complaints of pain and disability because his actions were inconsistent with the claimed level of pain. Thus, the ALJ concluded that Worley had "voluntarily" limited his activities and manifested pain symptoms. Contributing to the judge's view was Worley's testimony about his daily activities, including bicycle riding and walking, all of which indicated "a fairly high degree of activity, certainly much more than would be expected from an individual disabled by pain." Specific findings about the claimant's daily activities that involve skills that could be transferred to the workplace may discredit the claimant's allegations of disability. Id. at 346.
 
 
 8
 Worley points to several problems with the ALJ's report. We have considered each argument raised in his brief. For example, Worley contends that nothing in Dr. Colachis' report justifies the ALJ's conclusion that Worley "voluntarily limited his activities and manifested pain symptoms." Indeed, the results of Dr. Lange's extensive psychological testing and diagnosis show that Worley's behavior is the product of a diagnosed psychological disorder.
 
 
 9
 Nonetheless, Worley failed to meet his burden of showing that he is unable to perform any past relevant work due to medically determinable conditions. He relies on Dr. Lange's report concerning his nonexertional impairments that would interfere with work-related social and cognitive functions and on Colachis' report concerning his physical limitations.
 
 
 10
 The ALJ was entitled to reject Dr. Lange's conclusions because they conflicted with Dr. Bentley's conclusions, inasmuch as Dr. Bentley did not conclude that Worley could not work because of mental disorders and restrictions. See Sanchez, 812 F.2d at 511 (ALJ may resolve conflicts). Because Dr. Colachis found that Worley could walk three hours, rather than four, in an eight-hour day, and could bend occasionally, rather than frequently, and no other evaluation disputed Dr. Colachis' finding, Worley contends that the ALJ improperly rejected uncontroverted evidence of his inability to work. However, Dr. Colachis' findings were sufficient to show that Worley could work. The denial of benefits is supported by substantial evidence, and no legal error undermines that decision.
 
 
 11
 The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3