42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel J. PEREZ, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-15959.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 28, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 An Administrative Law Judge (ALJ) granted appellant Miguel Perez social security disability benefits commencing on April 25, 1989. Perez appealed to the district court, claiming that the ALJ improperly determined the onset date of his disability. The district court granted summary judgement in favor of the Secretary of Health and Human Services (Secretary). We review the district court's grant of summary judgement de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). However, we must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the correct legal standards. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). We affirm.
 
 
 3
 * Appellant claims that the ALJ improperly assessed his physical and mental ailments separately when determining that he was not disabled prior to April 25, 1989. The law requires that the Secretary consider the combined effect of all impairments on ability to work without regard to whether any individual impairment alone would be sufficiently severe to establish disability. Beecher v. Heckler, 756 F.2d 693, 694 (9th Cir.1985); 42 U.S.C. Sec. 423(d)(2)(B) (Supp. IV 1992); 20 C.F.R. Sec. 404.1523 (1994).
 
 
 4
 In appellant's case, the ALJ first determined that appellant's physical impairments had not rendered him disabled at any time. The ALJ then determined that appellant's psychiatric impairments became much more severe as of April 25, 1989, and that those impairments, combined with his physical impairments, rendered him disabled: "I conclude that the claimant's perception of musculoskeletal pain is magnified and exacerbated by depression, to the extent he is unable to meet the demands of his past relevant work or any other work on a sustained basis in a competitive employment setting." Thus, the ALJ clearly applied the proper legal standard to determine when appellant became disabled.
 
 II
 
 5
 Appellant next claims that the ALJ improperly determined that he was disabled only as of April 25, 1989, approximately when he was diagnosed psychiatrically impaired, rather than December, 1985, when he stopped working on a regular basis. We have established that disability compensation must begin on the date of onset of the disability, not the date of diagnosis. Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1065 (9th Cir.1985); Social Security Ruling 83-20, Policy Statement (SSR 83-20).
 
 
 6
 The evidence relating to the onset date of appellant's disability was as follows: Appellant stopped working on a regular basis in December, 1985. Appellant presented evidence that he suffered from depression between 1985 and 1989, including a doctor's prescription for an anti-depressant drug first issued in February, 1986. However, Dr. Ruiz, the psychiatrist who examined appellant, stated specifically in his report that appellant's psychiatric condition substantially worsened only in early 1989, eventually making him no longer capable of work.
 
 
 7
 We have established that "when the evidence regarding date of onset of a mental impairment is ambiguous ... the ALJ should determine the date based on an informed inference. [citations omitted] Such an inference is not possible without the assistance of a medical expert." Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir.1991). In this case, the ALJ expressly relied upon Dr. Ruiz's determination that appellant's condition became substantially worse only in 1989. Therefore, the ALJ properly used "the assistance of a medical expert" when affixing the onset date of appellant's disability. See id.
 
 
 8
 Furthermore, other substantial evidence, such as appellant's work history, supports the April 25, 1989 onset date determined by the ALJ. The Secretary's rulings specifically direct the ALJ to consider work history in order to determine the onset date of a disability. SSR 83-20. Between December, 1985 and April 25, 1989, appellant worked at various times at a print shop, as a janitor, and as a vinyl repairmen. It was reasonable for the ALJ to conclude that appellant's condition only precluded him from "substantial gainful activity," thereby rendering him disabled under 42 U.S.C. Sec. 423(d)(1)(A), once appellant permanently stopped working on April 25, 1989.
 
 
 9
 Finally, substantial evidence also supports the ALJ's conclusion that appellant's physical ailments were not disabling prior to 1989. While the doctors who examined appellant prior to 1989 indicated that he could not engage in "heavy" work such as his past work in meat packing, those doctors concluded that he could engage in "medium" or "light" work. Under the Social Security Act, even if a person is unable to perform his past relevant work, he is not disabled if he can engage in any other kind of substantial work which exists in the national economy. 42 U.S.C. Sec. 423(d)(2)(a) (Supp. IV 1992).
 
 III
 
 10
 Appellant claims that the ALJ improperly applied the Medical-Vocational Guidelines (grids) to determine that he was not disabled prior to April 25, 1989. We have established that when a claimant's non-exertional limits are severe enough to limit significantly the range of work which the claimant can perform, the ALJ may not use the grids to determine whether jobs which the appellant can perform exist in the national economy. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1988).
 
 
 11
 In this case, the ALJ did not apply the grids to any time period when appellant suffered from a significant non-exertional limitation. The ALJ specifically found that appellant suffered from no significant non-exertional impairment (the psychiatric disability) between December, 1985 and April 25, 1989. This finding is supported by the same substantial evidence supporting the ALJ's finding that appellant was not disabled during that time period. Thus, the ALJ properly applied the grids to that time period in order to determine that appellant could engage in a full range of "medium" work and was therefor not disabled.
 
 IV
 
 12
 The Appellant claims that the ALJ failed to make specific findings with respect to his subjective complaints of pain and depression. Appellant testified before the ALJ the he could not work because of chronic pain in his low back, shoulder, neck, and foot. We have established that once a claimant produces medical evidence of an underlying impairment, an ALJ may not reject the claimant's subjective complaints of excess pain "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc) (citation omitted). While an ALJ may reject complaints of excess pain as not credible, the ALJ must make specific findings to support that conclusion. Id. at 354.
 
 
 13
 With respect to his physical ailments, appellant clearly produced medical evidence of an underlying impairment. But the ALJ clearly made the specific findings required to reject appellant's subjective claims of excessive, disabling pain. The ALJ stated that the appellant's daily activities, such as performing work around his house, and his ability to drive long distances, demonstrated that appellant's pain in fact did not prevent him from engaging in some forms of work. In Bunnell, we stated that, "if the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant's allegations." Id. at 346. The ALJ also found that appellant's work in offset printing and vinyl repair refuted any claim that appellant could not physically perform some forms of work.
 
 
 14
 With respect to depression, the ALJ actually credited appellant's complaints and ultimately found him disabled largely on that basis. However, the ALJ found that appellant's depression had not reached the level of a psychiatric impairment until it became substantially more severe in 1989. This finding is not even contrary to appellant's hearing testimony about depression. Appellant testified at the hearing in 1990 that while he had felt some general stress since losing his regular job, his emotional condition had become worse only recently.
 
 
 15
 The district court's judgment in favor of the Secretary is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3