54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Beryl BENSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-35323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided May 17, 1995.
 
 Before: SKOPIL, FERGUSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Beryl Benson appeals the district court's order affirming the decision of the Secretary of Health and Human Services denying his application for Social Security disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. Secs. 423, 1382. Mr. Benson asserts that the ALJ erred in: (i) giving greater weight to the Social Security E.D.Wash. consultant appointed by the ALJ than to the reports of Mr. Benson's therapists at Spokane Community Mental Health Clinic ("SCMHC"), (ii) framing the hypothetical questions posed to the vocational expert inaccurately, (iii) finding Mr. Benson was not credible, and (iv) denying Mr. Benson benefits. We affirm.
 
 
 3
 In order to succeed on appeal, Mr. Benson must establish that the Secretary's decision is not supported by substantial evidence or that it is based on legal error. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993).
 
 
 4
 Mr. Benson challenges the ALJ's decision to afford greater weight to the SSA's consultative physician's report and to the medical expert who testified at Mr. Benson's hearing than to the reports supplied by Mr. Benson's therapists at SCMHC. The record demonstrates that the ALJ considered the SCMHC reports, but found them unpersuasive in light of the evidence offered by the medical expert. An ALJ may completely disregard the opinion of even a treating physician where the ALJ sets forth specific and legitimate reasons for doing so based on substantial evidence in the record. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The reports of the consultative physicians alone provide substantial evidence for the ALJ's decision. Id. at 752. The ALJ did not err in his determination of Mr. Benson's residual functional capacity for the purpose of establishing whether Mr. Benson is able to perform his past relevant occupation or any other work in the national economy.
 
 
 5
 Mr. Benson also asserts that the ALJ posed an inaccurate question to the vocational expert testifying at Mr. Benson's hearing and that as a result, the ALJ erroneously determined that Mr. Benson could return to work as a night auditor. Mr. Benson submits that the hypothetical posed by Mr. Benson's counsel more accurately represented Mr. Benson's limitations. However, "the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." Magallanes, 881 F.2d at 756. The ALJ is free to accept or reject restrictions which are supported by substantial evidence in the record and courts must uphold the ALJ's determination even in cases in which the decision is "susceptible to more than one rational interpretation." Id. at 756-57. As the ALJ did not err in affording greater weight to the evidence offered by the consultative physicians, the ALJ's hypotheticals are supported by substantial evidence and cannot be characterized as inaccurate.
 
 
 6
 Mr. Benson further asserts that the ALJ's finding that Mr. Benson was not a credible witness is not supported by substantial evidence. The record makes clear that the ALJ listed specific and legitimate reasons for finding Mr. Benson to be incredible. The ALJ's finding is thus supported by substantial evidence.
 
 
 7
 Finally, Mr. Benson asserts that the Secretary's denial of benefits is not based on substantial evidence. The ALJ's opinion properly considered the SCMHC reports and all the evidence available in Mr. Benson's case record. 42 U.S.C. Sec. 423(d)(5)(B); 20 C.F.R. Sec. 404.1513(e)(3) (1994). The ALJ also detailed his consideration of the combined effect of Mr. Benson's impairments. 20 C.F.R. Secs. 404.1523, 416.923; Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir. 1985). The evaluation of Dr. Moulton, supported by the analysis of Dr. Neils, provide specific and legitimate reasons for finding that Mr. Benson could return to work as a night motel auditor. Magallanes, 881 F.2d at 752. While it is true that Mr. Benson is unlikely to be able to return to the job he formerly held because it requires some janitorial work, the vocational expert appearing at Mr. Benson's hearing testified that most night auditor positions do not involve janitorial work. Mr. Benson, himself, testified that he could probably return to work if there were a bathroom in close proximity to his work space. Substantial evidence thus supports the ALJ's findings.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3