61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harriet ELIAS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-55135.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1995.*
Decided July 13, 1995.
 
 Before: LAY,** BRUNETTI, and RYMER, Circuit Judges
 MEMORANDUM***
 The Secretary denied Elias' application on the ground that Elias failed to prove she was disabled prior to December 31, 1985, the date she was last insured. The Secretary's decision was supported by substantial evidence on the record as a whole. Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991).
 I. Physician's Opinion
 The letters proffered by Elias failed to establish the onset of disability during the relevant period, and no treatment records, progress notes, objective findings or hospital records in evidence support Elias' interpretation. The ALJ's interpretation of the letters is rational and therefore must be upheld. Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). As the treating physicians' espoused no opinion which indicates Elias was disabled during the relevant period, the ALJ gave those opinions proper weight by denying Elias' application. See Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989); Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986).
 II. Medical Expert
 The only evidence suggesting the possibility of disability prior to 1985 comes from the treating physicians' letters. Even in light of these letters, there is no reasonable basis to infer from the medical evidence that the onset of disability occurred before diagnosis in 1990, and therefore we conclude the ALJ was not required to call on the services of a medical expert to determine the onset date. Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991); Social Security Ruling 83-20.
 The letters can reasonably be interpreted as consistent with all other record evidence. Therefore, as no evidence exists which would suggest additional discovery is necessary to determine the onset date, we conclude that the ALJ adequately developed the record. See Swenson v. Sullivan, 876 F.2d 683 (9th Cir. 1989); Brown v. Heckler, 713 F.2d 441 (9th Cir. 1983).
 III. Combined Impact
 The ALJ explicitly found that Elias did not have any "combination of impairments which had more than a minimal affect on [her] ability to perform work related functions." [TR 20] Accordingly, the ALJ adequately evaluated the impact of Elias' combined impairments in concluding she was not disabled prior to December 31, 1985. See Hammock v. Bowen, 867 F.2d 1209 (9th Cir. 1989); Beecher v. Heckler, 756 F.2d 693 (9th Cir. 1985).
 IV. Due Process
 Elias' due process claim regarding allegedly ex parte communications by the ALJ is waived because it was raised for the first time in the reply brief, and therefore we need not address it. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir. 1990), cert. denied, 502 U.S. 815 (1991)..
 V. Attorney's Fees
 Because Elias does not prevail, her request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, is denied.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3