116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Huy LUU, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-16901.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-04309-MMC; Maxine M. Chesney, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Huy Luu appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration (the "Commissioner") in Luu's action seeking disability benefits pursuant to Title XVI of the Social Security Act ("SSA"). Luu contends that the administrative law judge ("ALJ") erred in determining the onset date of his disability. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's summary judgment upholding an ALJ's denial of benefits. See Byrnes v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). The decision must be affirmed if substantial evidence supports the findings of the ALJ and the ALJ applied the correct legal standards. See Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam) (citation omitted).
 
 
 4
 Luu first contends that the ALJ determined the onset date of his depression without obtaining medical expert testimony and thus failed to comply with Social Security Ruling ("SSR") 83-20. This contention lacks merit.
 
 
 5
 To determine the onset date of a claimant's disability, the ALJ should call on the services of a medical advisor if "the medical evidence is not definite concerning the onset date and medical inferences need to be made." See Delorme v. Sullivan, 924 F.2d 841, 848 (9th Cir.1991); see also SSR 83-20 (1983). Here, however, no such inference was necessary because the uncontroverted medical opinion of Luu's treating psychiatrist established the onset date of Luu's depression as December 15, 1992. See Delorme, 924 F.2d at 848.
 
 
 6
 Second, Luu contends that the ALJ erred by failing to consider the combined effect of Luu's mental impairment (depression) and physical impairments (hypertension, gallstones, osteoarthritis, leg cramps, and lumbosacral sprain and strain) on his ability to work before December 15, 1992. However, because the ALJ's factual findings in his decisions of May 14, 1993 and April 28, 1994 do show that the ALJ weighed both Luu's mental and physical symptoms, this contention is without merit. See Beecher v. Heckler, 756 F.2d 693, 694 (9th Cir.1985); 20 C.F.R. § 404.1523 (1997).
 
 
 7
 Luu also contends that the ALJ improperly assessed his subjective complaints of pain in finding that Luu was not disabled prior to the designated onset date. We disagree.
 
 
 8
 When a claimant produces medical evidence of an underlying impairment reasonably likely to cause pain, the ALJ may not reject the claimant's subjective complaints "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345, 346 (9th Cir.1991) (en banc) (citation omitted); See 20 C.F.R. § 416.929(c)(2) (1997). The ALJ must consider all available evidence that relates to a claimant's subjective complaints of pain, see Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir.1996), and may reject complaints of excess pain as not credible if he provides "clear and convincing" reasons, see Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993).
 
 
 9
 In assessing Luu's subjective complaints of disabling pain, the ALJ considered the absence of more significant treatment, the effectiveness of Luu's medications, the voluminous medical reports, which included Luu's reports of pain or lack thereof to his treating physician, and the lack of evidence of an underlying impairment reasonably likely to cause the types of pain alleged. See Bunnell, 947 F.2d at 346; 20 C.F.R. § 416.929(c)(3) (1997). At the hearing, the ALJ also questioned both Luu and Luu's son with regard to Luu's functional restrictions and daily activities. See 20 C.F.R. § 416.929(c)(3) (1997). Only after considering all of the evidence presented did the ALJ reject Luu's complaints of disabling pain as not credible. See Bunnell, 947 F.2d at 345-46; Smolen, 80 F.3d at 1285. Furthermore, the ALJ clearly and specifically explained his underlying rationale. See Dodrill, 12 F.3d at 918. Thus, the ALJ committed no error in his evaluation of Luu's complaints of disabling pain. See id,; see also Fair v. Bowen, 885 F.2d 597, 604, 604 n. 5 (9th Cir.1989) (holding that ordinary techniques of credibility evaluation apply in SSA disability hearings, and noting that "[c]redibility determinations are the province of the ALJ").
 
 
 10
 Next, Luu contends that the ALJ improperly rejected the examining orthopedist's uncontroverted assessment of Luu's physical limitations in determining that Luu retained the functional capacity to perform light work activities. Luu's contention lacks merit.
 
 
 11
 While an ALJ may reject the uncontradicted opinion of an examining physician, he must provide "clear and convincing" reasons which are supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1996).
 
 
 12
 The examining orthopedist concluded that Luu could lift only ten pounds, but should be precluded from standing and walking for more than an hour at a time. The ALJ concluded that Luu could occasionally lift at least twenty pounds, frequently lift and carry at least ten pounds, and could walk and stand at least six hours in an eight-hour workday. In reaching this conclusion, the ALJ compared the examining orthopedist's conclusions with his clinical findings, along with the medical records from Luu's treating physician, and determined that the orthopedist's assessment of Luu's ability to lift, walk, and stand was based upon Luu's self-diagnosis, rather than on clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir.1995) (noting that an ALJ may properly consider the extent to which a physician's opinion is influenced by the claimant's own information). In addition, the ALJ noted that the examining orthopedist's report contained internal inconsistencies. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) (stating that the ALJ is responsible for resolving conflicts and ambiguity in medical testimony) (citations omitted). These factors were clearly explained by the ALJ, and constitute legitimate reasons for rejecting a portion of the examining orthopedist's assessment of Luu's functional capacity. See Lester, 81 F.3d at 830-31.
 
 
 13
 Finally, Luu contends that the ALJ's determination that Luu was not disabled prior to the designated onset date was not supported by substantial evidence. Since the ALJ determined that Luu was disabled due to depression as of December 15, 1992, the issue becomes "whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported." Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1065 (9th Cir.1985). Because there is substantial evidence, including the uncontroverted medical opinion of Luu's treating psychiatrist, to support the ALJ's designated onset date of December 15, 1992, Luu's contention lacks merit. See Moncada, 60 F.3d at 523.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3