William DOOLEY, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 99–35986.

D.C. No. CV–98–06196–DCA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided April 19, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

 It is not clear whether Dr. Smulovitz's opinion on the ultimate issue of Dooley's disability was based on mental, physical, or a combination of physical and mental, impairments. Because of this ambiguity, we cannot conclude that the decision of the Administrative Law Judge (ALJ) to reject Dr. Smulovitz's opinion was supported by substantial evidence in the record.[1] Moreover, because Dooley opined that Dooley was not disabled "based on cognitive or emotional factors," she also concluded that the combination of mental and physical factors may meet disability criteria. Dr. Lechnyr opined that Dooley was not "totally disabled from a chronic pain standpoint," but recognized that Dooley may have some "physical limitation problems." Dr. Glusman did not describe the extent of the limitations on Dooley's ability to work, nor did he conclude whether Dooley is physically disabled or not.

* Larry G. Massanari is substituted for his predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. If Dr. Smulovitz's opinion was based on physical, or a combination of physical and mental, impairments, then the opinions of Drs. Redner, Lechnyr, and Glusman were no bases for rejecting it. Although Dr. Redner

successfully demonstrated that he could no longer engage in his former occupation, "it was incumbent on the [Commissioner] to show that there were other types of work which Dooley was capable of doing."[2] Thus, the Commissioner-not Dooley-had the burden of clarifying the ambiguity, and the Commissioner failed to do so.[3] We therefore remand the case to the district court with instructions that it remand the case to the ALJ, under sentence four of 42 U.S.C. § 405(g),[4] for further administrative proceedings.[5]

REVERSED AND REMANDED.

As a result, if Dr. Smulovitz's opinion was based on physical, or a combination of physical and mental, impairments, it was uncontradicted, and the ALJ's finding that Dr. Smulovitz's opinion was inconsistent with his own clinical examination was not a "clear and convincing" reason for rejecting that opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotations omitted) (ALJ required to provide "clear and convincing" reasons for rejecting uncontradicted opinions of treating and examining physicians).

2. *Beecher v. Heckler*, 756 F.2d 693, 695 (9th Cir.1985) (quotations and alterations omitted) (reversing the denial of benefits and remanding).

3. *Id.*

4. *See Shalala v. Schaefer*, 509 U.S. 292, 296–97, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

5. As a result, we do not reach Dooley's other claims on appeal. However, we note that, after additional evidence regarding Dooley's ability to perform other work is obtained, the ALJ may need to reexamine Dooley's pain testimony and modify his vocational hypothetical to more accurately represent Dooley's limitations. Also, on remand, Dooley is entitled to present to the ALJ the medical source statements that he submitted for the first time in his motion to reopen before the Appeals Council.