749 F.2d 577
 8 Soc.Sec.Rep.Ser. 58, Unempl.Ins.Rep. CCH 15,675,
Unempl.Ins.Rep. CCH 15,855
Richard Lee ALLEN, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant- Appellee.
 No. 83-4049.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 5, 1984.*
As Amended on Denial of Rehearing Feb. 20, 1985.
Decided Dec. 13, 1984.
 
 Michael R. Stebbins, Hayner, Waring, Stebbins & Coffey, North Bend, Or., for plaintiff-appellant.
 Richard H. Wetmore, Asst. Regional Atty., Seattle, Wash., for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before SNEED, ALARCON, and NORRIS, Circuit Judges.
 SNEED, Circuit Judge.
 
 
 1
 Richard Allen appeals the district court's affirmance of the decision of the Secretary of the Department of Health and Human Services (Secretary) to terminate Allen's social security disability benefits. Jurisdiction for review is founded on 42 U.S.C. Sec. 405(g) (1982). We affirm.
 
 I.
 FACTS
 
 2
 Allen suffers from Meniere's disease, a neurological disorder causing dizzyness. This condition required Allen to leave his job as a warehouseman in 1977. Allen applied for disability benefits. He was found disabled as of January 31, 1977, and the Secretary awarded benefits. The Secretary terminated Allen's benefits in May 1979. Allen promptly requested reconsideration and a hearing. After the hearing, an Administrative Law Judge (ALJ) concluded that Allen was no longer disabled as of March 1979, and he denied benefits. The Appeals Council affirmed this decision, and Allen brought suit in district court. After twice remanding the case to the ALJ, the district court affirmed the Secretary's denial of Allen's benefits.
 
 
 3
 The Secretary's assertion that Allen is no longer disabled rests primarily on the testimony of Dr. Clifford Schostal. The Secretary retained Dr. Schostal to perform a consultative examination of Allen. Dr. Schostal examined Allen on March 22, 1979. The session lasted approximately thirty minutes, and in that time, Dr. Schostal performed a full neurological examination. Based on that examination and on Allen's medical history, which Dr. Schostal obtained by interviewing Allen, Dr. Schostal concluded that although Allen could not return to his former occupation as a warehouseman there was "no reason why this patient could not perform more sedentary activities."
 
 
 4
 In rebuttal, Allen offered the testimony of his treating physician, Dr. David Wilson. Dr. Wilson had treated Allen since his condition became serious in 1973. In 1973 and again in 1977, Dr. Wilson had performed surgery on Allen's left ear. Although the first operation apparently enjoyed some success in reducing Allen's symptoms of vertigo and nausea, the second was unsuccessful. Dr. Wilson documented Allen's condition in a series of letters that he sent to the Secretary's Disability Determination Services and to Allen's attorney. In Dr. Wilson's view, Allen's recurrent periods of vertigo and imbalance render him totally disabled; in particular, Dr. Wilson opined that Allen could not maintain employment that required steady daily attendance, because on some days, Allen's condition would prevent him from leaving home.
 
 
 5
 In concluding that Allen was no longer disabled, the ALJ accepted Dr. Schostal's opinion and rejected Dr. Wilson's view. The ALJ felt that Dr. Wilson, because of his close contact with Allen, had lost his ability to render an objective judgment and had become Allen's advocate. The ALJ felt that Dr. Schostal was unbiased. Accepting Dr. Schostal's position, then, the ALJ decided that because Allen was capable of performing sedentary work he was no longer disabled and no longer entitled to disability benefits.
 
 II.
 DISCUSSION
 A. Standard of Review
 
 6
 A prior determination of disability gives rise to a presumption that a disability benefit claimant is disabled. To terminate benefits, therefore, the Secretary must come forward with some evidence that the claimant's condition has improved. Murray v. Heckler, 722 F.2d 499, 500-01 (9th Cir.1983); Iida v. Heckler, 705 F.2d 363, 365 (9th Cir.1983); Patti v. Schweiker, 669 F.2d 582, 586-87 (9th Cir.1982). The burden remains on the claimant to prove that he is disabled. Iida, 705 F.2d at 365; Patti, 669 F.2d at 587. Once the claimant demonstrates that he is unable to return to his prior work, however, the Secretary must find that the claimant is able to engage in other types of "substantial gainful work which exists in the national economy" in order to terminate benefits. Hall v. Secretary of Health, Education & Welfare, 602 F.2d 1372, 1375 (9th Cir.1979); see 42 U.S.C. Sec. 423(d)(2)(A) (1982).
 
 
 7
 The role of a court in reviewing the Secretary's decision is a limited one. We will not set aside the Secretary's termination of benefits unless "the Secretary's findings are based upon legal error or are not supported by substantial evidence in the record as a whole." Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir.1984). Substantial evidence constitutes " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). The issue presented in the present case, then, is whether the Secretary's decision to terminate Allen's benefits was supported by substantial evidence.
 
 B. Application of Standard
 
 8
 Ordinarily, "an expert's report ... is not binding on the ALJ so long as he provides clear and convincing reasons for rejecting the opinion." Coats v. Heckler, 733 F.2d 1338, 1340 (9th Cir.1984); Montijo v. Secretary of Health & Human Services, 729 F.2d 599, 601 (9th Cir.1984). Where medical testimony is conflicting, however, it is the ALJ's role to determine credibility and to resolve the conflict. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ. Allen v. Secretary of Health & Human Services, 726 F.2d 1470, 1473 (9th Cir.1984).
 
 
 9
 In the present case, the ALJ's decision to terminate Allen's benefits rested on Dr. Schostal's opinion that Allen did not have "clearcut symptoms of Meniere's Disease" and was not precluded from some sort of sedentary employment. Dr. Wilson, of course, felt otherwise. Thus, there was a conflict in the medical reports and testimony. In such a situation, the findings of the ALJ are supported by substantial evidence. See Allen, 726 F.2d at 1473; Galli v. Celebrezze, 339 F.2d 924, 925 (9th Cir.1964); see also Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.")
 
 
 10
 Our decision in Murray v. Heckler, 722 F.2d 499 (9th Cir.1983), does not require a different outcome. In Murray, the ALJ, in deciding to terminate the claimant's benefits, relied on the opinion of a physician who examined the claimant only once; the ALJ rejected the contrary opinions of two treating physicians. Id. at 501. The court concluded that the ALJ's decision did not rest on substantial evidence, noting that "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. at 502. Murray and the present case are distinguishable. There, "the findings of the non-treating physician were the same as those of the treating physician. It was his conclusions that differed." Id. at 501. Here, instead of a conclusory "diagnosis" consisting of "check marks in boxes on a form supplied by the Secretary," id., Dr. Schostal's findings rested on his own neurological examination of Allen. Both Dr. Schostal's findings--that Allen no longer exhibited "clearcut symptoms of Meniere's Disease" but that "he may indeed be significantly impaired due to his previous left vestibular nerve ablation"--and his ultimate conclusion--that while Allen was unable to return to his previous occupation, he was capable of performing sedentary work--differed from those of Dr. Wilson. Moreover, to the extent that Dr. Schostal's opinion rests on objective clinical tests, it must be viewed as substantial evidence that Allen is no longer disabled. See Perez v. Secretary of Health, Education & Welfare, 622 F.2d 1, 2 (1st Cir.1980) (report of internist designated by the Secretary constituted substantial evidence, even though contradicted by testimony of the claimant's treating physicians); see also Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir.1983) ("It is an accepted principle that the opinion of a treating physician is not binding if it is contradicted by substantial evidence, ... and the report of a consultative physician may constitute such evidence.") (citation omitted).
 
 
 11
 To read Murray more broadly as an absolute requirement that the ALJ must state "clear and convincing reasons" in all situations in which he favors the testimony of a consultative physician over that of the claimant's treating physicians would be contrary to the spirit of the principles expounded by the Supreme Court in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court decided that, despite their hearsay character, written reports, including reports submitted by consultative physicians called in by the Secretary, may constitute "substantial evidence" even when the only live medical testimony is offered by the claimant and supports his contention of disability. In doing so, the Court specifically noted, first, that the fact that the government calls in and remunerates consultative physicians does not undermine the independence of those physicians' opinions or indicate bias in favor of the Secretary and, second, that the social security administration "operates essentially ... as an adjudicator and not as an advocate or adversary," thereby ensuring reliable and impartial decisions. Id. at 402-03, 91 S.Ct. at 1427. We should not disturb these principles either by second-guessing the determination of the ALJ with regard to the credibility of the medical testimony offered or by imposing burdensome procedural requirements that facilitate such second-guessing.
 
 
 12
 We conclude, therefore, that the Secretary's decision to terminate Allen's benefits rests on substantial evidence.[1]
 
 
 13
 NORRIS, Circuit Judge, concurring separately.
 
 
 14
 I concur in the judgment of the Court that the Secretary's decision to terminate Allen's benefits should be affirmed. I write separately, however, because I believe we should affirm the Secretary's decision without carving out an ill-defined exception to Murray v. Heckler, 722 F.2d 499 (9th Cir.1983). In my view, the ALJ's decision disregarding the opinion of the treating physician fully satisfies the requirements of Murray.
 
 
 15
 Murray requires that "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. at 502. The ALJ in this case satisfied those requirements by finding that the reports of Dr. Wilson, the treating physician, were largely conclusory and based on the subjective statements of appellant; that Dr. Wilson had taken on the role of appellant's advocate; and that Dr. Schostal, the non-treating physician, was an impartial expert whose report detailed the results of a specific test, namely, a neurological examination.
 
 
 16
 Because I believe the denial of benefits should be affirmed on the narrow ground that the Secretary's decision is supported by substantial evidence in the record and the ALJ's findings satisfy the requirements of Murray, I find the part of the majority opinion attempting to distinguish Murray unnecessary to the disposition of the appeal. The majority's attempt is but a needless quibble with established precedent. Murray is the law of the circuit and has been followed repeatedly. See, e.g., Valencia v. Heckler, 751 F.2d 1082, 1088 n.7 (9th Cir.1985).[1] It enunciates a clear standard that is easy for ALJ's to understand and to follow.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a)
 
 
 [1]
 20 C.F.R. subpt. P, App. 1, Sec. 2.00 B.2, includes Meniere's Disease in a general list of impairments. The provision notes that "[R]emissions are unpredictable and irregular, but may be longlasting; hence, the severity of impairment is best determined after prolonged observation and serial reexaminations." Allen argues that because Dr. Schostal saw Allen only once, his opinion is not entitled to great weight. Presumably, the ALJ knew of this regulation. We decline to depart from the general principle that " 'questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.' " Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (quoting Waters v. Gardner, 452 F.2d 855, 858 n. 7 (9th Cir.1971))
 
 
 [1]
 Because it is clearly settled that the Murray requirements are the law of the circuit, most cases following and citing Murray have been disposed of by unpublished memorandum disposition. See, e.g., Jiminez v. Heckler, No. 82-1517, slip op. at 2 (9th Cir. Sept. 14, 1984); Brown v Heckler, No. 84-3517, slip op. at 2 (9th Cir. Aug. 9, 1984); ooker v. Heckler, No. 83-5595, slip op. at 2 (9th Cir. amended July 25, 1984)