124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel WEIMER, Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissioner of Social Security
Administration,** Defendant-Appellee.
 No. 96-17201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.***
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-02186--RCB; Robert C. Broomfield, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Weimer appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration denying Weimer's application for supplemental security income disability benefits under 42 U.S.C. §§ 1381-83. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir.1995) (per curiam). The district court's judgment must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ"), and the ALJ applied the correct legal standards. See id.
 
 
 4
 Weimer contends that the ALJ erred by improperly crediting the mental assessment by one examining psychiatrist, Dr. Almer, over that of another examining psychologist, Dr. Novie. We disagree.
 
 
 5
 An examining physician's opinion based on independent clinical findings can constitute substantial evidence. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). It is the ALJ's responsibility to make credibility findings and resolve conflicts in the medical evidence. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996) (per curiam), cert. denied, 117 S.Ct. 953 (1997). If the evidence supports more than one rational interpretation, we must uphold the decision of the ALJ; we are in no position to second-guess the ALJ's choice among conflicting medical opinions. See Allen v. Heckler, 749 F.2d 577, 579, 580 (9th Cir.1984).
 
 
 6
 Here, there is a conflict between the mental assessment by Dr. Almer and that by Dr. Novie. Dr. Almer concluded that Weimer shows no evidence of psychosis; his concentration and attention span are intact; he has no problems with conceptual or abstract abilities; and he has only mild to moderate limitations in relating to people and performing tasks. Dr. Novie found that Weimer is moderately to severely limited in carrying out and performing tasks; is severely limited in relating to others; and has personality organization that is moderately severely disturbed.
 
 
 7
 Since there are conflicting medical assessments by two examining physicians entitled to equal weight, it was within the ALJ's discretion to find Dr. Almer more credible than Dr. Novie. See Saelee, 94 F.3d at 522; Allen, 749 F.2d at 579, 580.[1] Moreover, Dr. Almer's psychological assessment was based upon his own independent clinical interview and evaluation of Weimer. See Magallanes, 881 F.2d at 751.
 
 
 8
 Weimer also contends that the ALJ erred by failing to give reasons for rejecting the independent vocational evaluation services ("IVES") report. We disagree.
 
 
 9
 The ALJ "need not discuss all evidence presented[;] ... [r]ather, [the ALJ need only] explain why significant probative evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.1984) (per curiam). An example of significant and probative evidence is uncontroverted medical evidence. See id. at 1395.
 
 
 10
 In the present case, the IVES report is a vocational, not a medical report, and it is controverted by other medical evidence. Therefore, the ALJ was not required to make detailed factual findings. See id. at 1394-95.
 
 
 11
 Finally, Weimer contends that the ALJ adopted the testimony of the vocational expert ("VE") based on an incomplete hypothetical. This contention lacks merit.
 
 
 12
 "Hypothetical questions posed to the [VE] must set out all the limitations and restrictions of the particular claimant." Magallanes, 881 F.2d at 756 (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988)). If the ALJ does not properly discredit the findings of a medical expert, these findings should also be included in the hypothetical. See Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir.1988).
 
 
 13
 Because we have determined from the foregoing analysis that the ALJ properly discredited Dr. Novie's assessed limitations, the ALJ did not have to include said limitations in the hypothetical to the VE. See id. Therefore, the ALJ properly based the hypothetical on Dr. Almer's report. See Magallanes, 881 F.2d at 756-57.
 
 
 14
 Accordingly, we conclude that the findings and conclusion of the ALJ were supported by substantial evidence. See Orteza, 50 F.3d at 749. The district court's grant of summary judgment is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 **
 President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security Administration, effective March 1, 1997. Therefore, John J. Callahan is substituted for Shirley S. Chater, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Accordingly, Weimer's contention that the ALJ did not apply the correct legal standards is without merit