**Guadalupe FAJARDO, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 99–56024.

D.C. No. CV–98–01209–WBE.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2001 *.

Decided Feb. 12, 2001.

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Guadalupe Fajardo appeals the district court's summary judgment order upholding the denial of her claim for disability insurance benefits and Supplemental Security Income benefits based on disability. We review the judgment of the district court de novo. *Fair v. Bowen,* 885 F.2d 597, 601 (9th Cir.1989). We must affirm the findings of the Administrative Law Judge ("ALJ") if they are free from legal error and supported by substantial evidence. *Curry v. Sullivan,* 925 F.2d 1127, 1129 (9th Cir.1990).

The ALJ provided seventeen specific reasons for finding that Fajardo's impairments were nonsevere. He relied on the opinions of three separate physicians who concluded that Fajardo retained the capacity to perform work-related activity. Although Fajardo's treating physician concluded otherwise, "[w]here the medical testimony is conflicting, ... it is the ALJ's role to determine credibility and to resolve

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

the conflict. If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984) [citations omitted]. The ALJ also noted Fajardo's continued ability to attend appointments, to manage her own finances, and to perform household duties. The ability to perform such activities may be seen as inconsistent with the presence of a condition which would preclude all work activity. *Fair*, 885 F.2d at 604. Finally, the ALJ determined that Fajardo's allegations of limitation were not credible.

Because the ALJ's reasons for rejecting the opinion of Fajardo's treating physician were specific, legitimate, and supported by substantial evidence in the record, we affirm the ALJ's finding of a nonsevere impairment. *See Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir.1985).

AFFIRMED.