Stanley **HENNON**, Plaintiff–Appellant,

v.

**Larry G. MASSANARI, Acting Commissioner of the Social Security Administration,\* Defendant–Appellee.**

No. 99–35466.

D.C. No. CV–98–00342–REJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided June 6, 2001.

---

\* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before GOODWIN, GREENBERG,\*\* and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Stanley Hennon appeals the district court's judgment affirming the Commissioner of the Social Security Administration ("Commissioner") in his denial of Hennon's application for social security disability insurance benefits under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401–33, and Supplemental Security Income disability benefits under Title XVI of the Act, *see* 42 U.S.C. §§ 1381–83f. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision to uphold the Commissioner's denial of benefits. *See Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998). The Commissioner's findings may be set aside if they are based on legal error or are unsupported by substantial evidence. *See id.* We affirm.

First, we have consistently held that "questions of credibility ... are functions solely of the Secretary." *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982) (internal quotations and citations omitted); *see also Allen v. Heckler,* 749 F.2d 577, 580 n. 1 (9th Cir.1985). Our review of the record convinces us that the district court properly held that the Administrative Law Judge ("ALJ") provided clear and convincing reasons for finding Hennon "not entirely credible." *See Reddick,* 157 F.3d at 722.

■ Second, because the treating doctor's response to Hennon's attorney's questionnaire was not supported by her treatment notes, substantial evidence supports the ALJ's discrediting the questionnaire. *See Saelee v. Chater,* 94 F.3d 520, 522–23 (9th Cir.1996) (per curiam).

Third, in consideration of the more recent medical evidence, substantial evidence supports the ALJ's discrediting the limitations found by the two state agency medical examiners. *See Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989) ("ALJ is responsible for ... resolving conflicts in medical testimony").

■ Finally, the ALJ's hypothetical posed to the vocational expert properly included only those limitations which were supported by substantial evidence in the record. *See id.* at 756–57.

**AFFIRMED.**

---

\*\* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.