**Raymond HUNTER, Plaintiff–Appellant,**

v.

**William A. HALTER, Acting Commissioner of Social Security, Defendant–Appellee.**

No. 99–35749.

D.C. No. CV–98–05243–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2001.*

Decided June 14, 2001.

R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before LAY,** TROTT, and BERZON, Circuit Judges.

### MEMORANDUM ***

Raymond Hunter appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability insurance. We affirm.

#### I.

The Administrative Law Judge ("ALJ") evaluated Hunter's claim of disability using the five-step procedure under 20 C.F.R. § 404.1520(a)-(f). In doing so, the ALJ concluded that Hunter had disc pathology, exogenous obesity, and personality disorder, but that he did not have an impairment or combination of impairments listed in, or medically equivalent to, one of the listed impairments. *See* 20 C.F.R. § 404.1520, App. 1.

The ALJ determined that Hunter had the residual functional capacity for light work requiring only minimal contact with the public. Based on these limitations, the ALJ concluded that Hunter could not perform his past relevant work as a cook and maintenance man and that he did not have any acquired work skills which were transferable to other work. However, based on Hunter's ability to do light work, his classification as a younger individual, his education, and his work experience, the ALJ concluded that Hunter was not disabled.

#### II.

The ALJ's decision denying disability insurance benefits must be affirmed unless that decision is not supported by substantial evidence on the record as a whole.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Flaten v. Secretary of Health & Human Services,* 44 F.3d 1453, 1457 (9th Cir.1995). If the evidence admits of more than one rational interpretation, this court must uphold the Commissioner's decision. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984).

### III.

▮ On appeal, Hunter argues that the ALJ erred in concluding that his impairments did not meet or equal one of the listed impairments. Hunter contends that the ALJ failed to adequately explain whether a combination of his impairments met one of the listed impairments, specifically the fact that his mental impairment was not considered in combination with his physical impairment.

The record shows that the ALJ carefully considered both Hunter's physical and mental impairments. The ALJ explained that the state agency physicians found Hunter capable of performing light work based on their review of the medical evidence. The ALJ also explained that although Hunter's psychological evaluation indicated a limitation in his work conditions, it did not preclude him from doing light work. Hunter argues that more detailed findings were needed, but we agree with the lower court's holding that the ALJ did not provide detailed findings because virtually no medical evidence supported Hunter's assertion that his impairments equaled one of the listed impairments. *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir.1999).

Hunter contends that the ALJ also erred by rejecting a number of expert opinions without providing an explanation. An ALJ is entitled to resolve conflicts in the medical evidence. *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987). As such, we find the ALJ properly considered all the opinions and sufficiently explained why he placed more weight on the opinions of the examining physicians than on the non-examining physicians. *See id.; Lester v. Chater,* 81 F.3d 821, 832–33 (9th Cir. 1995).

Hunter also argues that the ALJ improperly rejected the credibility of his complaints of pain. An ALJ is required to consider subjective symptom testimony such as pain or depression. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). If there is no affirmative evidence of malingering, the ALJ may only reject subjective symptom testimony for clear and convincing reasons. *Id.* at 1283–84. The lack of medical findings is not, in and of itself, a clear and convincing reason. There must be a reason for rejecting it, such as the fact that the testimony is not credible. *Id.* at 1281–82.

The record lends some support to the ALJ's conclusion that Hunter lacked the desire to work because he had no economic motivation beyond the money he was already receiving. Furthermore, the ALJ stated that Hunter was not credible "as to the degree of his limitations" because Drs. Dalton and Aronoff's medical opinion that Hunter was capable of light work was uncontradicted by the other medical evidence. We find these considerations provide clear and convincing evidence to support the ALJ's rejection of Hunter's testimony.

▮ Finally, Hunter asserts that the ALJ erred in failing to call a vocational expert to determine the effect of Hunter's impairments on his ability to perform other jobs in the national economy. Upon examination of the record, the ALJ concluded that Hunter had the mental capacity to perform the requirements of unskilled work. The ALJ addressed Hunter's problems with people and concentration by specifically limiting him to

unskilled work. In view of the fact that the ALJ found Hunter's mental limitations insufficiently severe, we hold it was appropriate for him to use the Social Security Act's medical-vocational guidelines, instead of a vocational expert, to conclude that a substantial number of jobs exist in the national economy that Hunter could perform. *See Heckler v. Campbell,* 461 U.S. 458, 467, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

In sum, we find substantial evidence on the record as a whole to support the ALJ's decision. Accordingly, we affirm the district court's finding that Hunter is not disabled.

AFFIRMED.