**Stanley HANDELMAN, Plaintiff— Appellant,**

v.

**Larry G. MASSANARI,\* Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 00–55415.

D.C. No. CV–96–00857–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2001.\*\*

Decided July 19, 2001.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* Larry G. Massanari is substituted for his predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM ***

Stanley Handelman appeals the district court's order affirming the Commissioner's denial of his disability insurance benefits application. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of benefits. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). We will uphold the ALJ's decision if it is supported by substantial evidence in the record as a whole and free from legal error. *Id.* Where evidence exists to support more than one rational interpretation, we must defer to the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

Substantial evidence supports the ALJ's finding that Handelman was not severely impaired. A severe impairment is one that "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Handelman testified that he was not physically impaired. He can control his headaches

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

within thirty minutes of taking his medicine. During the relevant time period, Handelman was able to shop, write a book, visit with family and acquaintances, read, walk, bicycle, perform at a benefit, teach comedy, and advertise for more comedy students.

Similarly, substantial evidence supports the ALJ's finding that Handelman's impairments do not meet or equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Handelman failed to establish that he has the requisite characteristics of the listed impairments. *See Young v. Sullivan,* 911 F.2d 180, 183–84 (9th Cir.1990) (Mere diagnosis of a listed condition does not establish that the person meets the list.). Handelman's assertion that the ALJ erroneously.disregarded Dr. Rigg's opinion is without merit. Dr. Rigg's opinion that Handelman "is an excellent candidate for disability benefits" is a legal conclusion, rather than a medical one. The ALJ adequately explained the reasons for the weight he attached to Dr. Rigg's opinion. *See Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989).

Substantial evidence supports the ALJ's determination that Handelman was able to perform basic work-related activities. The ALJ noted Handelman's daily activities, that he had not stopped working since the alleged onset of his disability, taught at a community center, had private students, was writing a book, advertising for more students, and able to perform.

Handelman's argument that the ALJ did not develop his past relevant work requirements is also without merit. Handelman has a controllable condition that does not prevent him from working. Handelman admitted his memory was unimpaired and that he has not stopped working for any extended period of time.

Finally, Handelman's claim that the ALJ was biased is waived because he failed to raise it to the district court. *Matney on Behalf of Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992).

Thus, substantial evidence supports the ALJ's finding that Handelman is not disabled.

AFFIRMED.