**Doris DANIELS, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 00–6284.

United States Court of Appeals, Sixth Circuit.

Oct. 17, 2001.

---

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

Doris Daniels appeals a district court order affirming the Commissioner's denial of her applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Daniels filed an application for social security disability insurance benefits and an application for supplemental security income benefits alleging that she suffered from pulled muscles, arthritis, pain, nervousness, carpal tunnel syndrome, diarrhea, laryngitis, and headaches. Following a hearing, an administrative law judge (ALJ) determined that Daniels was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Daniels then filed a complaint challenging the Commissioner's decision. Upon de novo review of the magistrate judge's report, the district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Secretary of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989).

Daniels contends that the ALJ erred in rejecting the restrictions placed upon her by her treating physicians in favor of opinions of non-examining physicians. The Commissioner may reject the opinion of a treating physician when good reasons are identified for not accepting the opinion. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). The Commissioner may consider the opinion of a non-examining medical expert if the Commissioner has cited good reasons for rejecting the opinion of a treating physician. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, it is the Commissioner's duty to resolve the conflicts in the evidence. *See Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984).

The opinions of treating physicians receive greater weight only when they are supported by sufficient objective medical evidence. *Cutlip v. Secretary of Health & Human Servs.,* 25 F.3d 284, 287 (6th Cir. 1994). Although Daniels feels that the notes of her treating physicians establish that she is disabled, the objective medical evidence does not support the doctors' conclusions that Daniels is severely impaired. A review of the record shows that there was no objective medical evidence to support Daniels's allegation that she was disabled. Thus, the Commissioner did not err in concluding that Daniels was capable

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

of performing sedentary work with a sit/stand option.

Daniels argues that 20 C.F.R. § 404.1527 violates the Due Process Clause. However, Daniels did not raise this issue in the district court or in her objections to the magistrate judge's report. Arguments not raised in specific objections to a magistrate judge's report are waived on appeal. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991). Furthermore, we will not address any issue not raised in the district court. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

Accordingly, we affirm the district court's judgment.