**Lana GILSON, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Commissioner of Social Security, Defendant–Appellee.**

No. 00–15446.

D.C. No. CV–99–02234–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Dec. 19, 2001.

---

[**] The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Before POLITZ,* W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Lana Gilson appeals the district court's summary judgment affirming the Commissioner of Social Security's final decision

---

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

denying her application for disability insurance benefits. For the reasons assigned, we affirm.

## BACKGROUND

Lana L. Gilson, born October 1, 1942, worked for twenty years as a vocational nurse until she injured her back playing golf in April 1994. In her disability report, Gilson alleged an inability to work because of L5 radiculapathy, a numbness and pain that radiates from her lower back to her left leg and foot. Gilson has not looked for work since April 1994.

Gilson sought medical treatment from several doctors, including an orthopedist and a neurologist. She underwent various objective diagnostic procedures from 1994 to 1997 including: x-rays, magnetic resonance imaging scans, electromyogram studies, a computerized tomography scan, a bone scan and a myelogram. Her latest medical report dated November 1997 provides a diagnosis of lumbar facet syndrome.

At the hearing before the ALJ, Gilson testified that her condition has not improved since April 1994. She also testified that she drives to the store, post office and bank as needed; prepares meals; does laundry and household chores except mopping, vacuuming, and scrubbing the showers; and takes 10–15 minute walks three to four times per week. Additionally, she testified that since her injury, she went fishing with her husband and traveled to Montana, Pacifica, Reno and Oregon.

After weighing the evidence of record, both medical and non-medical, including the testimony of Gilson and a vocational expert, the ALJ found that Gilson had degenerative disc disease of the lumbar spine which precluded performance of her past work as a nurse, but which did not preclude performance of alternate work identified by the vocational expert. The ALJ also found that Gilson's complaints and testimony about her limitations were "not fully credible." In light of Gilson's age, education, work experience, and physical capacity for specific jobs, the ALJ determined she was not disabled.

## ANALYSIS

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's grant of summary judgment.[1] We must affirm if we determine that substantial evidence supports the ALJ's findings and that the ALJ applied correct legal standards.[2] Substantial evidence is more than a mere scintilla but less than a preponderance. It is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[3] In determining whether substantial evidence supports the Commissioner's decision, we must evaluate the whole record.[4] The ALJ is solely responsible for determining credibility.[5] Courts should not engage in second-guessing such credibility determinations.[6] Where the evidence is susceptible to more than one rational interpretation, we must uphold the decision of the ALJ.[7]

The ALJ evaluates disability claims according to a five-step sequential evaluation process.[8] The claimant bears

1. *Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir.1995) (per curiam).

2. *Id.*

3. *Id.*

4. *Id.*

5. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

6. *Allen v. Heckler,* 749 F.2d 577, 580 (9th Cir.1984).

7. *Moncada,* 60 F.3d at 523.

8. *Reddick,* 157 F.3d at 721.

the burden in steps one through four.[9] If at step four the claimant shows she cannot perform her past relevant work, then the ALJ must show, at step five, that the claimant can perform other substantial gainful work that exists in substantial numbers in the national economy.[10] In this case, the ALJ made her ineligibility decision at step five. Although the ALJ found Gilson met her burden at steps one through four, after considering Gilson's residual functional capacity and vocational factors, the ALJ determined that she could perform a significant number of jobs requiring light exertional work within the national economy.

Gilson asserts that substantial evidence does not support the ALJ's finding of no disability. She alleges that the ALJ "lied" about her in assessing the credibility of her subjective complaints of pain because the ALJ invented material facts and distorted Gilson's description of her daily activities. We disagree.

■■■ "Once a claimant produces medical evidence of an underlying impairment which is reasonably likely to be the cause of some pain, the ALJ may not discredit the claimant's testimony of pain ... solely because the degree of pain alleged ... is not supported by objective medical evidence."[11] "Although an ALJ cannot be required to believe every allegation of disabling pain, the ALJ cannot reject testimony of pain without making findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."[12] Factors the ALJ may consider when making credibility determinations include "the claimant's daily activities, inconsistencies in testimony, effectiveness ... of any pain medication, and relevant character evidence."[13]

■■■ Although the ALJ's opinion included some minor misstatements regarding Gilson's daily activities, our review of the record persuades us that the district court properly found that the ALJ provided clear and convincing reasons for finding Gilson "not fully credible." We find that the objective medical evidence and opinions consistently show only a mild degenerative condition that can be effectively treated with conservative therapy. Additionally, we find inconsistencies between Gilson's testimony and the medical evidence. Specifically, Gilson testified before the ALJ that her condition had not improved since April 1994, but several treating physicians observed progress and noted her own claims of improvement and successful pain management. Further, the ALJ specifically referenced Gilson's daily activities, her reliance on increasingly weaker pain medication, and inconsistencies between her testimony and the medical evidence in finding Gilson "not fully credible." The ALJ considered the appropriate factors in assessing the credibility of Gilson's subjective complaints. We conclude that the ALJ's findings are supported by substantial evidence and free of legal error. Stripped to the essentials we

---

9. The claimant must show (1) she is not currently engaged in substantial gainful activity; (2) she has a medically severe impairment or combination of impairments as defined in 20 C.F.R. § 404.1520(c); (3) her impairment meets or equals a "listed" impairment; and (4) if her impairment does not meet or equal a listed impairment, she must show that she cannot perform her past relevant work. 20 C.F.R. §§ 404.1520(b)-(f); §§ 416.920(b)-(f); *Reddick,* 157 F.3d at 721.

10. *See* 20 C.F.R. §§ 404.1520(b)-(f); §§ 416.920(b)-(f); *Reddick,* 157 F.3d at 721.

11. *Orteza v. Shalala,* 50 F.3d 748, 749–50 (9th Cir.1995) (per curiam) (internal quotation and citation omitted).

12. *Id.* at 750 (internal quotations and citations omitted).

13. *Id.*

must conclude that Gilson is not disabled and can perform light gainful work which exists in significant numbers in the national and local economies.

The judgment of the district court is AFFIRMED.