**Ida BROOKS, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 02–35252.

D.C. CV–00–1402–DJH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Sept. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Tim D. Wilborn, Law Offices of Tim Wilborn, Portland, OR, Etta L. Wilborn, Etta L. Wilborn, P.C., Tucson, AZ, for Plaintiff–Appellant.

Craig J. Casey, USPO–Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Daphne Banay, Amy Gilbrough, Carol A. Hoch, Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before ALDISERT,** GRABER and GOULD, Circuit Judges.

## MEMORANDUM***

### I.

The Commissioner complied with the district court's Order of Remand of July 23, 1999, relating to "the [Administrative Law Judge's] treatment of Dr. [Wendy] Johnson's opinions and on the ALJ's failure to include certain limitations, including one of his own significant findings, in the hypothetical question posed to the vocational expert." ER at 169. We are satisfied that, on remand and before another ALJ, there are sufficiently articulated reasons for the conclusions that the ALJ drew from Dr. Johnson's opinion.

In her report, Dr. Johnson wrote, "[Appellant Ida Brook's] complaints of pain are disproportionate to her physical findings and are fairly non-specific.... I think her disability is more related to her pain syndrome, which I think is disproportionate to her physical finding.... She is actually much stronger than she would report." Dr. Johnson also wrote on a form that Brooks' "pain and disability are unusual for her condition and disproportionate to her clinical evaluation." Finally, as the district court noted, "Dr. Johnson believed Brooks was likely to have good days and bad days, but on average, was likely to be absent from work as the result of her condition more than three times a month." The ALJ discussed Dr. Johnson's report in depth—one single-spaced page and two paragraphs—and emphasized that "Dr. Johnson notes that [Brooks'] complaints of pain were disproportionate to her physical findings and were fairly non specific." ER at 233.

Moreover, we do not accept Appellant's argument that the ALJ "flouted" the district court's order that the Commissioner consider Brooks' deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner. The ALJ made a residual functional capacity (RFC) assessment, determining that Brooks could not perform complex tasks, should have only limited interaction with the general public, and could not do work requiring extensive reading.

Accordingly, we reject the contention that upon remand from the district court the ALJ did not comply with the district court's order of July 23, 1999.

### II.

We are satisfied that the ALJ gave proper consideration to the medical evidence from Dr. Kelly Krohn and Dr. David

---

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Cir. R. 36–3.

N. Sweet. ER at 226–227, 232. The ALJ made findings at step five that were supported by substantial evidence and free of legal error, as were the RFC assessment and the hypothetical to the vocational expert. Not only did the ALJ adequately address the findings of the Psychiatric Review Technique Form, but we conclude that he properly applied the factors set forth in *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996), in assessing the credibility of the claimant.

## III.

Appellant had the burden of establishing her entitlement to Social Security disability benefits. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). We review the decision of the district court *de novo* to ensure that there is substantial evidence to support the decision of the Commissioner and that the decision is free of legal error. 42 U.S.C. § 405(g); *Meanel,* 172 F.3d at 1113. Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir.1997), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). If the evidence can reasonably support either confirming or reversing the Commissioner's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999). The Commissioner's findings must be upheld if they are supported by inferences which can be reasonably drawn from the record. *Gallant v. Heckler,* 753 F.2d 1450, 1452–1453 (9th Cir.1984). Even if the evidence

is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). If there is not evidence of malingering, and a claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain or other symptoms, the ALJ may reject the claimant's testimony about the severity of the alleged pain or other symptoms "by offering specific, clear and convincing reasons for doing so." *Smolen,* 80 F.3d at 1281–1282 (citing *Cotton v. Bowen,* 799 F.2d 1403, 1407–1408 (9th Cir.1986) (per curiam)). " 'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.' " *Meanel,* 172 F.3d at 1113 (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995) (per curiam)); *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir.1996) (per curiam); *Allen v. Heckler,* 749 F.2d 577, 580 n. 1 (9th Cir.1984).

Measuring this appeal with the foregoing legal precepts, we conclude that substantial evidence supports the Commissioner's determination and that the ALJ committed no legal error.

AFFIRMED.