**Michael MERTEN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 05–35237.

D.C. No. CV–03–06306–AJB.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 8, 2005.*

Decided Dec. 15, 2005.

Alan Stuart Graf, Esq., Kimberly K. Tucker, Esq., Alan Stuart Graf PC, Portland, OR, for Plaintiff–Appellant.

Richard Rodriguez, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before D.W. NELSON and O'SCANNLAIN, Circuit Judges, and BURNS,** District Judge.

MEMORANDUM ***

Michael Merten appeals the district court's judgment affirming the final decision of the Commissioner of Social Security that Merten was not entitled to Supplemental Security Income (SSI) payments or Social Security disability insurance benefits. We review de novo, *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir.2005), and we affirm.

The Administrative Law Judge (ALJ) resolved conflicting medical evidence from two treating physicians, without improperly rejecting either physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

Similarly, the ALJ did not improperly reject Merten's testimony regarding his subjective symptoms. Rather, he credited Merten's testimony regarding his impair-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

ments and the extent of his pain, and he provided "clear and convincing reasons" for rejecting Merten's statements concerning his ability to work. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.2005).

We need not address whether, under the Medical Vocational Guidelines, Merten may have become disabled as of February 23, 2003, his fifty-fifth birthday. 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.00(c). Our review of Merten's claim is limited to the Commissioner's final decision, which covers the period from September 11, 2000, through December 17, 2001. Since that decision was supported by substantial evidence and free of legal error, Merten's proper recourse is to file a new application for SSI and disability benefits alleging disability as of February 23, 2003.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.