

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGIA ALEXANDER, on behalf of herself and all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS INC. and MORGAN STANLEY SMITH BARNEY, LLC,<br><br>Defendants - Appellees. | No. 13-55726<br><br>D.C. No. 8:12-cv-00813-JVS-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and SINGLETON,<sup>***</sup> Senior District Judge.

Plaintiff-Appellant Georgia Alexander appeals the dismissal of her claims for securities fraud under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; violation of SEC Rule 10b-16, 17 C.F.R. § 240.10b-16; and breach of fiduciary duty under California law. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs asserting Rule 10b-5 claims must allege that the defendant made a material false statement or omission, and must also allege a strong inference of scienter. *Rubke v. Capitol Bankcorp. Ltd.*, 551 F.3d 1156, 1164–65 (9th Cir. 2009). The express terms of Alexander's client agreements explained that Morgan Stanley could sell her stock without demand for payment and without notice in order to meet margin requirements, and that Morgan Stanley could change the margin requirements without notice. The account conversion materials also explained that Alexander could see a change in borrowing power and margin requirements after the conversion. Given these express disclosures, Alexander did

---

<sup>***</sup> The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

not sufficiently allege falsity or scienter. A more compelling explanation is that Morgan Stanley acted without fraudulent intent.

2. Plaintiffs asserting Rule 10b-16 claims must adequately plead scienter. *Robertson v. Dean Witter Reynolds*, 749 F.2d 530, 540 (9th Cir. 1984). Alexander's 10b-16 claim fails to adequately plead scienter for the same reasons as her Rule 10b-5 claims.

3. Under California law, a claim for breach of fiduciary duty must allege the existence of a fiduciary relationship, a duty imposed by the relationship, breach of that duty by the defendant, and damages from the breach. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 80 Cal. Rptr. 2d 329, 355 (Cal. Ct. App. 1998). Because the express terms of the client agreements allowed Morgan Stanley to sell Alexander's stock without demand for payment and without notice in order to meet margin requirements, and allowed Morgan Stanley to change the margin requirements without notice, Morgan Stanley did not breach any duty it may have owed to Alexander. Moreover, to the extent the breach of fiduciary duty claim was based on false statements or non-disclosures, it is precluded by the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77p(b). *See Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009).

4.	A district court's decision to allow amendment is reviewed for abuse of discretion, and the district court has broad discretion where the plaintiff has previously filed an amended complaint. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Leave to amend is not required where granting leave would be futile. *Id.* Alexander has already filed three amended complaints, and she does not explain what further amendments she might make to cure the pleading deficiencies. The district court did not abuse its discretion in denying further leave to amend.

**AFFIRMED**.