O’SCANNLAIN, Circuit Judge,
concurring in part and in the judgment:
While I concur in the judgment, I join only Part II of the court’s disposition. The majority makes two errors on its way to reversing the ALJ. Specifically, it does not properly credit the ALJ’s adverse credibility determination against Belanger and how this determination would logically undercut the credibility of Belanger’s subjective reporting of pain to Dr. Hansen. Nor does it give proper deference to the ALJ’s factual conclusions. See, e.g., Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (“If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ.”). Instead, the majority conducts a de facto de novo review of the ALJ’s reasoning.
I
The majority argues that the ALJ erred in discounting Dr. Hansen’s opinion because “the fact that a treating physician relied on subjective complaints is not itself a valid basis to reject the physicians’s opinion.” Mem Dispo. at 3. This is absolutely true, but also completely irrelevant. The reason Dr. Hansen’s opinion was discounted is because Belanger’s subjective complaints were discredited.
The ALJ made clear that “the claimant’s allegations have limited credibility” and that “claimant’s allegations of disabling pain and other symptoms are not credible” because of her unreliable self-reporting. The majority concedes that “[a]n ALJ may reject a treating physician’s opinions if it is based to a large extent on a claimant’s self-reports that have been properly discounted as incredible.” Mem Dispo at 4, n.1 (citing Burrell v. Colvin, 775 F.3d 1133, 1140-41 (9th Cir. 2014)). That would seem to end the inquiry—Belanger’s testimony was discredited, she did not challenge this adverse credibility determination before us *602 or the district court, and therefore her self-reports have been properly discounted.
The majority sidesteps this problem by saying the ALJ was “unclear” as to whether he “was relying on an adverse credibility determination in evaluating Dr. Hansen’s opinion.” Mem Dispo at 4, n.l. But the inference is obvious. The ALJ discredited Belanger’s self-reporting about her testimony. He then discredited Dr. Hansen’s opinion because it relied on this testimony. To reverse because the ALJ said “Dr. Hansonfs] ... opinion is not given controlling weight because it ... appears to be based on claimants subjective reporting of pain” rather than “based on claimants discredited subjective reporting of pain” is absurdly hyper-technical. The opinion clearly states that her subjective reporting of pain has been discredited. To not assume this inference is a “rational interpretation” of the ALJ’s position reads our duty to be deferential out of existence. Allen, 749 F.2d at 579.
And even if the ALJ did err, the error is harmless. Belanger waived any challenge to the adverse credibility determination. The ALJ made clear this determination extended to subjective reports about pain. This error ultimately has no effect on the decision to discredit Dr. Hansen, since upon remand the ALJ should just insert the word “discredited” before “subjective” and cite Burrell, 775 F.3d at 1140-41. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (discussing the harmless error doctrine).
II
Dr. Doak is a closer case, but I think that given the record, and our duty to defer to the ALJ, the ALJ’s decision to discount her testimony is a rational interpretation of the record. The indication of bias, Dr. Doak’s incorrect assertion that the claimant is credible, along with the general observation that Belanger’s self-reporting is not credible, provides enough support for the ALJ’s position that he should not be overturned, even if other rational interpretations of the evidence exist.
Ill
I agree with the majority that Belan-ger’s other arguments should be rejected on the merits.