**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHASE C. ALDRIDGE,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>NANCY BERRYHILL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>             Defendant-Appellee. | No. 15-16964<br><br>D.C. No. CV-14-00755-PHX-SPL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted July 11, 2017[**]
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,[***]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

Plaintiff-Appellant Chase Aldridge ("Aldridge") appeals from the district court's order and judgment affirming the Commissioner of Social Security Administration's denial of disability benefits under Title XVI of the Social Security Act. We affirm.

We review the district court's order affirming the administrative law judge's ("ALJ's") denial of benefits de novo, and reverse only if the ALJ's decision was based on legal error or not supported by substantial evidence in the record. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010). A harmless error cannot support reversal of the ALJ's decision. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.     The ALJ erred in not considering Listing 12.10 for Autistic Disorder and other Pervasive Development Disorder, but the error was harmless because the ALJ found Listing 12.02's paragraph B criteria (which were identical to Listing 12.10's paragraph B criteria)[1]—were not met. (See ER 21-22.) Aldridge also failed to present medical findings establishing that his combined impairments met the requirements for Listing 12.10. See Kennedy v. Colvin, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing Sullivan v. Zebley, 493 U.S. 521, 531 (1990)).

2.     The ALJ did not err in affording "minimal weight" to the opinion of Aldridge's treating physician Dr. Semino because (1) Dr. Semino did not consider

---

[1] See 20 C.F.R. pt. 404, subpt. P, app. 1 (2012).

or review his treatment notes, or Aldridge's medical records, examinations, or response to treatment; (2) the opinion was inconsistent with his own treatment notes; and (3) the opinion rested on Aldridge's subjective complaints rather than on objective observations. See Ghanim v. Colvin, 763 F.3d 1154, 1161–62 (9th Cir. 2014); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

3. The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for giving greater weight to the opinions of the one-time consultative examiner and the state agency non-examining psychologists. (See ER 26-27.) The consultative examiner's opinion was consistent with Dr. Semino's treatment notes, Aldridge's testimony, and written statements by Aldridge and his mother, and was based on objective clinical testing. See Thomas, 278 F.3d at 957; Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Unlike Dr. Semino's opinion, the opinions of the non-examining psychologists were based on a review of Aldridge's school and medical records. Moreover, the non-examining psychologists' opinions were consistent with the consultative examiner's opinion and Aldridge's reported daily activities. See Thomas, 278 F.3d at 957.

4. The ALJ erred in finding that Aldridge's testimony regarding the severity of his symptoms was not credible based on his non-compliance with prescribed medications, because evidence in the record demonstrates that non-compliance resulted from Aldridge's mental impairment. (See ER 241, 338.) See

3

Garrison v. Colvin, 759 F.3d 995, 1018 n.24 (9th Cir. 2014); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). This error, however, was harmless, because the ALJ also found that the testimony was inconsistent with Aldridge's reported daily activities. See Burch v. Banhart, 400 F.3d 676, 680–81 (9th Cir. 2005); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

5.      The ALJ provided germane reasons for giving the "Function Report" (ER 307-314) submitted by Aldridge's mother, and her testimony, only "some weight." The Function Report stated Aldridge was able to prepare simple meals, shop for groceries, listen to music, talk on the phone, and care for himself, and Aldridge's mother was not aware of some of his self-reported activities. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**